UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

In re:                                                              Bankruptcy No. 05-30172
                                                                    Chapter 7
Rhonda Geiger,

        Debtor.
_____/

Tanya Williams,

        Plaintiff,

        vs.                                                  Adversary No. 05-7016

Rhonda Geiger,

        Defendant.
_____/

**MEMORANDUM AND ORDER**

By Complaint filed April 21, 2005, Tanya Williams initiated this adversary proceeding seeking a determination that an outstanding debt owed by Debtor/Defendant Rhonda Geiger to Williams in the total amount of $20,195.20 as the result of a state court judgment is nondischargeable pursuant to 11 U.S.C. § 523(a)(6). By Answer filed July 11, 2005, the Debtor denies the allegation and seeks dismissal of the adversary proceeding. The matter was tried on September 27, 2005. The following constitutes the Court's findings of fact and conclusions of law.

The evidence offered during the 35-minute trial was sketchy at best. Williams and the Debtor both attended a concert at a casino in New Town, North Dakota, on June 13, 2003. The Debtor assaulted Williams, and Williams sustained injuries resulting in $591.80 in medical bills.

1

The Debtor testified that the assault was provoked because the Debtor's fiancé and Williams had engaged in a 5-year affair and were going to "hook up" that night.

Williams subsequently filed a civil suit against the Debtor, and a default judgment was entered against the Debtor in the amount of $20,195.20. Neither a copy of the default judgment nor any of the pleadings in the civil suit were offered as evidence. The Debtor did not dispute the existence of the default judgment, but testified that it should not have been entered because she made an appearance in the case.

The Debtor pled guilty to aggravated assault and a criminal judgment was filed February 6, 2004.

On February 2, 2005, the Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code, and the meeting of creditors was held on March 3, 2005. The Debtor was granted a discharge on May 5, 2005.

As a threshold matter, the Debtor argues the Complaint was not timely filed because the Debtor received a discharge prior to trial. Rule 4007(c) of the Federal Rules of Bankruptcy Procedure specifies that a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c), "shall be filed not later than 60 days following the first date set for the meeting of creditors." Fed. R. Bankr. Pro. 4007(c); see 11 U.S.C. § 523(c)(1) (providing that a debtor shall be discharged from a debt of a kind specified in section 523(a)(6) unless the court determines the debt is excepted from discharge). The meeting of creditors was held on March 3, 2005, and the Complaint was filed on April 21, 2005. Because it was filed within 60 days of the meeting of creditors, the Complaint was timely filed.

Next, the Debtor avers that the state court erred in entering the default judgment. Federal courts are required by statute to give full faith and credit to state court judgments. Osborne v. Stage (In re Stage), 321 B.R. 486, 491 (B.A.P. 8th Cir. 2005). State court judicial proceedings "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law for usage of such State, Territory, or Possession from which they are taken." 28 U.S.C. § 1738. This Court is therefore without jurisdiction to consider the Debtor's collateral attack on the validity of the state court default judgment. See Car Color & Supply, Inc. v. Raffel (In re Raffel), 283 B.R. 746, 748 (B.A.P. 8th Cir. 2002) (federal review of state court decisions can only be had in the United States Supreme Court).

Finally, the Court turns to the issue of the dischargeability of the debt. The statutory exceptions to discharge in bankruptcy are narrowly construed to effectuate the fresh start policy of the Bankruptcy Code. Owens v. Miller (In re Miller), 276 F.3d 424 (8th Cir. 2002). Accordingly, a creditor opposing discharge of a debt must prove the debt falls within an exception to discharge. Werner v. Hofmann, 5 F.3d 1170, 1172 (8th Cir. 1993). The standard of proof for exceptions to discharge under 11 U.S.C. § 523(a) is the preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 286 (1991).

The Bankruptcy Code provides that an individual debtor in a Chapter 7 case is not discharged from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, and each must be shown to establish an exception to discharge. Fischer v. Scarborough (In re Scarborough), 171 F.3d 638, 641 (8th Cir. 1999).

The term willful means deliberate or intentional. Kawaauhau v. Geiger, 523 U.S. 57, 61 (1998). Because "willful" modifies the word "injury" in section 523(a)(6), the injury, and not merely the act leading to the injury, must be deliberate or intentional. Id. at 61-62. The willfulness element is satisfied if the injury is the result of an intentional tort. Osborne v. Stage (In re Stage), 321 B.R. 486, 493 (B.A.P. 8th Cir. 2005). As an intentional tort, the Debtor's assault of Williams satisfies the willfulness element.

An injury is malicious when the debtor intended to harm the creditor, at least in the sense that the debtor's tortious conduct was certain or almost certain to cause harm. Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir. 1996); In re Stage, 321 B.R. at 493. Intentional harm is difficult to establish, but the likelihood of harm in an objective sense may be considered in evaluating intent. In re Stage, 321 B.R. at 493 (citing Barclays American Bus. Credit, Inc. v. Long (In re Long), 774 F.2d 875, 881 (8th Cir. 1985)).

The Debtor did not deny intending to hurt Williams, but instead argues she was provoked after learning that her fiancé and Williams were going to "hook up" that night. However, the fact that a defendant may have been provoked or verbally abused can not serve as a valid defense:

> The price one pays for participation in a civilized society is the abandonment of the reaction of the jungle. The law replaces, as it must, self-help violence. . . . [A]s both Mahatma Gandhi and Dr. Martin Luther King knew, one may at times feel impelled to react to a situation but only at a cost. Here, the provocation may have ruled out criminal malice but actually reinforced . . . the intentional nature of the [debtor's] act.

Taradash v. Pokorny (In re Pokorny), 143 B.R. 179, 182 (Bankr. N.D. Ill. 1992) (quotation omitted); see also Homan v. Perretti (In re Perretti), 172 B.R. 214, 217 (Bankr. N.D. Ohio 1994) (provocation is not a defense to an action under section 523(a)(6)). The Debtor's conduct in assaulting Williams was certain or almost certain to cause harm to Williams, and the injury was therefore malicious.

4

In conclusion, Debtor Rhonda Geiger caused willful and malicious injury to Plaintiff Tanya Williams, and the Debtor's debt for the injury in the amount of $20,195.20 is therefore nondischargeable pursuant to 11 U.S.C. § 523(a)(6).

**SO ORDERED.**

**JUDGMENT MAY BE ENTERED ACCORDINGLY.**

Dated this October 7, 2005.

**WILLIAM A. HILL, JUDGE
U.S. BANKRUPTCY COURT**